IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

KENNETH L. DOSS,

      Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,
JAMES MCKINNEY, JANA HACKER,
KAREN ANDERSON, RENEE
SNEITZER, and NIKKI
WHITACRE.

      Defendants.

No. 14-CV-3084-DEO

INITIAL REVIEW ORDER

_____

## I.  INTRODUCTION

This matter is before the Court on Kenneth
Doss'(hereinafter Mr. Doss) pro se 42 U.S.C. § 1983
Complaint.[1]  In his Complaint, Mr. Doss alleges various
constitutional deprivations committed by the Defendants.  Mr.

---

[1]  In his original Complaint, Mr. Doss requested that he
be appointed counsel and be allowed to proceed without the
prepaying of filing fees.  However, Mr. Doss' request did not
comply with applicable rules.  The Clerk of Court's Office
sent Mr. Doss a proper in forma pauperis form and gave him
thirty days to return it to the Clerk's Office.  See Docket
No. 2.  On January 6, 2015, Mr. Doss filed an application to
appoint counsel. Docket No. 3.  On January 8, 2015, Mr. Doss
filed a Motion for Leave to Proceed In Forma Pauperis.

Doss is currently an inmate in at the Fort Dodge Correctional Facility.

**II. HISTORY**

As noted above, Mr. Doss is an inmate at the Fort Dodge Correctional Facility. In 2007, Mr. Doss pled guilty to lascivious acts with a child. <u>Doss v. State</u>, 772 N.W.2d 270 (Iowa Ct. App. 2009). The Iowa District Court imposed a fine and sentenced Mr. Doss to an indeterminate term of incarceration not to exceed ten years, but suspended the sentence. <u>Id.</u> Later that year, the Iowa District Court revoked Mr. Doss' probation, and imposed the suspended prison sentence. <u>Id.</u> Since being confined on those state court charges, Mr. Doss has filed a number of cases in Federal Court.

Mr. Doss filed a 42 U.S.C. Section 1983 complaint, 11-CV-475-JAJ, in the Southern District of Iowa in 2011. The case was assigned to Judge John Jarvey and was dismissed on January 11, 2012. In that case, Mr. Doss contended that Department of Corrections' policy prevented him from entering the SOTP (sexual offender treatment program) during the pendency of his criminal appeal, because the program requires

that he "state what the victim stated in open court, however the victim did not testify in open court." He alleged that after a hearing on February 1, 2011, a decision was reached to continue suspension of his right to earn good time and that he was told that his "right to self incrimination was not an acceptable reason to not take treatment." Mr. Doss contended that if he was awarded the earned time to which he is entitled, he would be eligible for release. Mr. Doss sought damages for every day he spent in prison after April 13, 2009, and an order correcting his earned good time calculations and awarding monetary damages. Judge Jarvey denied Mr. Doss' claim for relief, and the denial of relief was affirmed on appeal. Doss v. Iowa Dep't of Corrections, No. 12-1896 (8th Cir. 2012).

In 2013, Mr. Doss filed another 42 U.S.C. Section 1983 case, 13-CV-0319-JAJ, in the Southern District of Iowa, which was again assigned to Judge Jarvey. In that case, Mr. Doss argued that he improperly lost good time credit. He sought return of the earned time, release from prison, and damages. Judge Jarvey dismissed Mr. Doss' case pursuant to Portley-El v. Brill, 288 F.3d 1063 (8th Cir. 2002) and Heck V. Humphrey,

512 U.S. 477 (1994), stating:

> [s]uccess on this claim would necessarily
> imply the invalidity of Doss's confinement,
> and Doss does not allege that his loss of
> earned time has been set aside or otherwise
> vacated.  Thus, he is barred from bringing
> a claim for monetary damages under § 1983
> until he shows that he has successfully
> challenged the loss of earned time.  The
> case therefore is dismissed.

13-CV-0319-JAJ, Southern District of Iowa, Docket No. 3, p. 4.

Judge Jarvey's ruling was affirmed by the 8th Circuit Court of

Appeals.  13-CV-0319-JAJ, Southern District of Iowa, Docket

No. 13, p. 1.

On April 13, 2013, Mr. Doss filed a 28 U.S.C. Section

2254 Petition, 13-CV-0188-REL, in the Southern District of

Iowa, which was assigned to Judge Ronald Longstaff.  On August

18, 2014, Judge Longstaff entered a ruling setting out that

Mr. Doss had exhausted his state court remedies but that his

case must be dismissed on statute of limitations grounds.

13-CV-0188-REL, Southern District of Iowa, Docket No. 32.

Judge Longstaff's ruling was affirmed by the 8th Circuit Court

of Appeals.  13-CV-0188-REL, Southern District of Iowa, Docket

No. 39.

On June 9, 2014, Mr. Doss filed case 14-CV-0222-REL, in the Southern District of Iowa. That case was also assigned to Judge Longstaff. In that case, Mr. Doss again raised issues related to good time credit. Mr. Doss further alleged that he was assaulted by other inmates, improperly implicated in a relationship with a jailer, and had his legal correspondence opened. Judge Longstaff dismissed Mr. Doss' claim related to good time credits on res judicata grounds and ordered Mr. Doss to file a more definite statement related to the other claims so Judge Longstaff could properly determine whether those claims are venued in the Northern or Southern District of Iowa. See 14-CV-0222-REL, Southern District of Iowa, Docket No.'s 14 and 16. As of this date, 14-CV-0222-REL is still pending. Id.

On November 11, 2014, Mr. Doss filed another 28 U.S.C. Section 2254 Petition, 14-CV-0445-RP, in the Southern District of Iowa. That case has been assigned to Judge Robert Pratt and is currently pending.

On December 23, 2014, Mr. Doss filed another pro se Complaint, 14-CV-0511-REL, in the Southern District of Iowa.

The pro se filing in 14-CV-0511-REL has been terminated, and the filing has been referred to case 14-CV-0222-REL.

## III.  IN FORMA PAUPERIS

The filing fee for a 42 U.S.C. § 1983 action is $350.00. 28 U.S.C. § 1914(a).  In forma pauperis status allows a plaintiff to proceed without incurring filing fees or other court costs.  In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit[2] with the following statements:  (1) statement of the nature of the action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and court costs or give security therefor.  28 U.S.C. § 1915(a)(1).[3]  **Prisoners must also meet an additional requirement:  they must submit a certified copy of their**

---

[2] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths."  Black's Law Dictionary (9th ed. 2009), affidavit.

[3]  Entitled to redress means that the plaintiff is entitled to relief or is entitled to a judgement in his or her favor.

**prisoner trust fund account statement for a 6-month period prior to the filing of the complaint**. 28 U.S.C. § 1915(a)(2).

Mr. Doss' Motion to Proceed in Forma Pauperis substantially complies with the requirements laid out above **except that he has failed to include a prisoner trust account statement.**[4] Accordingly, the Court will allow Mr. Doss' claim to proceed with out the prepayment of filing fees. Although the court deems it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); see also <u>In re Tyler</u>, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

---

[4] In his Motion, Mr. Doss states he has having a problem getting a prisoner account.

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

Because Mr. Doss has failed to file an prisoner account, the Court cannot calculate the amount of his initial fee at this time. As will be discussed below, the Court is persuaded that Mr. Doss should be appointed counsel. **Within thirty days of the date of this Order, appointed counsel shall assist Mr. Doss in obtaining the prisoner trust account information to be submitted for assessment of the appropriate initial partial filing fee**.[5] The initial partial filing fee must be payed within thirty days from the date of the assessment. Id. If the Court does not receive payment by this deadline, the instant action shall be dismissed. See Fed.R.Civ.P. 41(b) (permitting dismissal where a plaintiff either fails to prosecute or fails to respond to an order of the court);

---

[5] The Court notes that prisoner trust account information is routinely given to prisoners seeking to file suit. Consequently, the Court does not expect that obtaining the information shall be difficult.

Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1259-60 (8th Cir. 1997) (explaining court's power to dismiss an action); Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 779-80 (8th Cir. 1995) (same), abrogated on other grounds by Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005). **If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.**

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining

installments shall be collected by the institution having custody of the plaintiff. Id. **The Clerk's Office shall send a copy of this Order and the Notice of Collection of the Filing Fee to the appropriate official at the place where the plaintiff is an inmate. <u>Therefore, Plaintiff's Pro Se Motion for Leave to Proceed in Forma Pauperis is granted. The Plaintiff's Complaint (filed at Docket No. 1) shall proceed past initial review without prepayment of the initial filing fee. The Clerk of Court shall deliver a copy of this Order to the Fort Dodge Correctional Facility care of the Plaintiff. The Clerk of Court shall also deliver, by certified mail, copies of this Order and attached waiver of service of summons, along with copies of the Complaint (Docket No. 1), to each of the named Defendants, and to the Iowa Attorney General. The Defendants shall have (60) days from the date of the amended complaint to answer the amended complaint, and the Plaintiff shall have (21) days to respond after the filing of the Defendants' answer(s)</u>**. Upon receipt of the inmate account information, the Clerk of Court shall assess any applicable fees to the Plaintiff in accordance with 28 U.S.C. § 1915(b).

However, once any portion of a filing fee is waived, a court must dismiss the case if a Plaintiff's allegations of poverty prove untrue or the action in question turns out to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

## IV. 42 U.S.C. § 1983 INITIAL REVIEW STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Pro se complaints, no matter how "inartfully pleaded are held to less stringent standards than formal pleadings as drafted by a lawyer." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal citations omitted).

Although it is a long-standing maxim that a complaint's factual allegations are to be accepted as true at the early stages of a proceeding, this does not require that a court must entertain any complaint no matter how implausible. The facts pled "must [still] be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the claim to relief must be "plausible on its face." Id. at 570. A

claim is only plausible if a plaintiff pleads "factual content
that allows the court to draw the reasonable inference that
the defendant is liable for the misconduct alleged." <u>Ashcroft
v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). Where the complaint
does "not permit the court to infer more than the mere
possibility of misconduct, the complaint has alleged-but it
has not 'show[n]' – that the pleader is entitled to relief."
<u>Id.</u> at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)). In
addition, "the tenet that a court must accept as true all of
the allegations contained in a complaint is inapplicable to
legal conclusions." <u>Id.</u> at 1949.

42 U.S.C. § 1983 provides:

> Every person who, under color of any
> statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the
> District of Columbia, subjects, or causes
> to be subjected, any citizen of the United
> States or other person within the
> jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities
> secured by the Constitution and laws, shall
> be liable to the party injured in an action
> at law, suit in equity, or other proper
> proceeding for redress . . . .

## V. ISSUE

In his Complaint, Mr. Doss makes multiple allegations.
First, he alleges that the prison officials have refused to

provide medical aid, including when Mr. Doss broke his hand. Additionally, Mr. Doss states that prison officials have tampered with his mail and engaged in retaliation when he complained.

## VI. ANALYSIS

### A. Deliberate Indifference

In his Complaint, Docket No. 1, Mr. Doss alleges that the Defendants have refused to treat his broken hand, and ongoing back and shoulder pain.

As the Courts have repeatedly stated:

> [t]he Eighth Amendment prohibits the infliction of cruel and unusual punishment. "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). To prevail on an Eighth Amendment claim for deprivation of medical care, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs. Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997). This requires a two-part showing that (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it. Id.; see also Farmer v. Brennan, 511 U.S. 825, 837 (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the

> necessity for a doctor's attention."
> Camberos v. Branstad, 73 F.3d 174, 176 (8th
> Cir. 1995). A medical need that would be
> obvious to a layperson makes verifying
> medical evidence unnecessary. Hartsfield
> v. Colburn, 371 F.3d 454, 457 (8th Cir.
> 2004).

Schaub v. VonWald, 638 F.3d 905, 914 (8th Cir. 2011).

Mr. Doss' pro se Complaint amounts to an allegation that the Defendants have been deliberately indifferent. Accepting Mr. Doss' allegations as true, it is clear he has alleged a violation that may be actionable under 42 U.S.C. § 1983. His claim will be allowed to proceed past the initial review stage, except as discussed below.

The Court notes that Mr. Doss' collected pro se filings are quite vague. As will be discussed more below, the Court is going to appoint Mr. Doss counsel. Appointed counsel will need to review Mr. Doss' pending and past cases in the Southern District of Iowa, Mr. Doss' current filings, and confer with Mr. Doss to determine which allegations are legally viable and set those claims out in an Amended Complaint.

**B. Other Issues**

In his filings, Mr. Doss alleges other issues, including that the Defendants have retaliated against him for filing

grievances and improperly interfered with his mail.  Appointed counsel shall evaluate those claims and include them in the Amended Complaint if warranted.

## C.  Good Time Credit Loss

In his pro se filings, Mr. Doss also raises issues related to his loss of good time credit.  As stated above, the Federal Courts in the Southern District have already litigated that issue and ruled against Mr. Doss.  Accordingly, Mr. Doss' allegations related to the loss of good time credits issue are barred by the doctrine of res judicata.  To the extent Mr. Doss argues that he has lost good time credit, those claims are dismissed.

## D.  State of Iowa

In his Complaint, Mr. Doss named the Department of Corrections as a Defendant.  42 U.S.C. § 1983 specifically provides for a federal cause of action against a "person" who, under color of state law, violates another's federal rights. In <u>Will v. Michigan Dept. of State Police</u>, the Supreme Court ruled "that a State is not a person within the meaning of § 1983."  491 U.S. 58, 63 (1989).  Therefore, Mr. Doss' § 1983 Complaint cannot proceed against the Department of Corrections which is a state agency, and the State is not a "person" under

the law.  **Accordingly, the Department of Corrections must be dismissed from this case**.

VII.   **APPOINTMENT OF COUNSEL**

Mr. Doss filed an application to appoint counsel.  Docket No. 3.  Under 28 U.S.C. §1915(e)(1) "[t]he court may request an attorney to represent any person unable to afford counsel." As discussed above, the Court is granting Mr. Doss' application to proceed in forma pauperis.  It is clear that he does not have the funds to afford counsel.  Accordingly, the Court will **grant** Mr. Doss' Motion to Appoint Counsel, Docket No. 3.  **The Court hereby appoints an attorney Hannah Vellinga under Library Fund Administrative Order No. 14-AO-0007.**

Appointed Counsel will have 30 days from the date of this Order to properly submit an inmate account for the assessment of a initial partial filing fee, and 45 days from the date of this Order to file an amended complaint setting out Mr. Doss' legally viable claims.

VIII.   **CONCLUSION**

Plaintiff's pro se Motion for Leave to Proceed In Forma Pauperis, Docket No.4, is **granted**.  Plaintiff's pro se Complaint (filed at Docket No. 1) is allowed to proceed past the initial review stage.  **However, the Department of**

16

Corrections must be dismissed as a Defendant. Additionally, any claims related to the loss of good time credits are barred by the doctrine of res judicata and are dismissed.

The Court is persuaded that counsel should be appointed to represent Mr. Doss in this case, and his motion for counsel at Docket No. 3 is **granted**. **The Court hereby appoints an attorney Hannah Vellinga under Library Fund Administrative Order No. 14-AO-0007.** Appointed counsel will have thirty days to help Mr. Doss file a correct prisoner account statement. The Clerk of Court will assess the appropriate filing fee upon receipt of the inmate account. The filing fee must be paid within 30 days from the assessment. Appointed counsel will have 45 days to file an amended complaint as set out above.

**IT IS SO ORDERED** this 30th day of January, 2015.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

**NOTICE OF LAWSUIT**
**and REQUEST FOR**
**WAIVER OF SERVICE OF SUMMONS**

TO THE NAMED DEFENDANT(S) IN THE FOLLOWING CAPTIONED ACTION:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| **KENNETH L. DOSS,** | | |
| Plaintiff, | ‖ | **No. 14-CV-3084-DEO** |
| v. | ‖ | |
| **JAMES MCKINNEY, JANA HACKER,** | ‖ | |
| **KAREN ANDERSON, RENEE SNEITZER,** | ‖ | |
| **AND NIKKI WHITACRE,** | ‖ | |
| Defendants. | ‖ | |

_____

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this Court are attached. This complaint has been filed in the United States District Court for the Northern District of Iowa.

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date: _1/30/15_ .

I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this _January 30_ , 2015.

/s/ djs, Deputy Clerk
_____
Signature (Clerk's Office Official)
Northern District of Iowa

## ACKNOWLEDGMENT OF RECEIPT OF
## NOTICE OF LAWSUIT,
## and WAIVER OF SERVICE OF SUMMONS

(**Return **this** document within thirty days after ___1/30/15_____, to the United States Clerk's Office in the envelope provided.)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | | |
|---|---|---|
| **KENNETH L. DOSS,** | | |
| Plaintiff, | | **No. 14-CV-3084-DEO** |
| v. | | |
| **JAMES MCKINNEY, JANA HACKER, KAREN ANDERSON, RENEE SNEITZER, AND NIKKI WHITACRE,** | | |
| Defendants. | | |

_____

I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant. I have received and/or read the complaint accompanying this document.

I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 60 days after ___1/30/15_____, (the date Notice, Waiver and corresponding documents were sent or from the date of the filing of the Amended Complaint, whichever is later) .

Date _____      Signature _____
                         Printed name _____
                         As _____ of _____
                              (Title)              (Entity)

19

<u>**Address Form**</u>

Case Number: 14-CV-3084-DEO               Date: 1/30/15

To:      Clerk of Court
RE:      Service on Named Defendants

Below, please find the known (or likely) addresses for the following
persons/entities who have been named as defendants to this action:

Defendant:      **ALL DEFENDANTS**

**James McKinney, Warden**
**Jana Hacker**
**Karen Anderson**
**Renee Sneitzer**
**Nikki Whitacre**
**c/o Fort Dodge Correctional Facility**
**1550 L. Street**
**Fort Dodge, Iowa 50501**

**Iowa Attorney General**
**Thomas J. Miller**
**Hoover State Office Building**
**1305 E. Walnut Street, 2nd Floor**
**Des Moines, Iowa 50319**

**TO: WARDEN/ADMINISTRATOR**
**FORT DODGE CORRECTIONAL FACILITY, FORT DODGE, IOWA**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Kenneth L. Doss, #6951533, an inmate your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: Kenneth L. Doss v. James McKinney, Jana Hacker, Karen Anderson, Renee Sneitzer and Nikki Whitacre, 14-CV-3084-DEO. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. §1915(b), which requires partial payments of the $350.00 filing fee. The inmate has not yet properly completed an inmate account information, but the Court has appointed an attorney to assist the Plaintiff in completing the accounting within 30 days from the date of this Order. Once received, the Court will assess an initial partial filing fee, which the inmate must pay to the clerk of Court. 28 U.S.C. §1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. §1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. §1915(b)(2), that is, you will begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account (only after further notification is supplied to you upon the Court's calculation of the initial partial filing).

At the appropriate time, please make the arrangements to have these fees deducted and sent to the court as instructed (after your agency receives further notice upon the calculation of the appropriate fee which will be supplied to you after appointed counsel has properly filed an inmate accounting).

/s/ djs, Deputy Clerk
Robert L. Phelps, U.S. District Court Clerk
Northern District of Iowa