# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

KENNETH L. DOSS,

    Plaintiff,

vs.

JAMES McKINNEY, JANA HACKER, KAREN ANDERSON, DAWN FULTON, DON HARRIS, LESLIE WAGERS, and MIKE STANTON,

    Defendants.

No. C 14-3084-MWB

**MEMORANDUM OPINION AND ORDER REGARDING REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

_____

## TABLE OF CONTENTS

*I.   INTRODUCTION ............................................................................. 2*

*II.  LEGAL ANALYSIS ......................................................................... 3*
    *A.   Standard Of Review .................................................................. 3*
    *B.   Standards For Summary Judgment .............................................. 5*
    *C.   Doss's Deliberate Indifference Claim ........................................... 6*
        *1.   Applicable standards ....................................................... 6*
        *2.   The objection to the deliberate indifference conclusion ........................................................................ 7*
        *3.   The objection to the characterization of the claim ................. 9*
    *D.   Doss's Retaliation Claim ......................................................... 11*
        *1.   Applicable standards ..................................................... 11*
        *2.   The objection to the causation determination ...................... 12*

*III. CONCLUSION .............................................................................. 14*

## I. INTRODUCTION

In this case, pursuant to 42 U.S.C. § 1983, plaintiff Kenneth L. Doss alleges that the defendants, who are associated with the Iowa Department of Corrections (IDOC), were deliberately indifferent to his serious medical needs regarding his hand, back, and shoulder while he was incarcerated at the Fort Dodge Correctional Facility (FDCF) in Fort Dodge, Iowa. Doss also alleges that the defendants retaliated against him for filing this case.[1] On June 16, 2015, the defendants filed a Motion For Summary Judgment (docket no. 21), to which Doss filed a Resistance (docket no. 28) on August 12, 2015. On September 4, 2015, I referred this case, including the pending Motion For Summary Judgment, to United States Magistrate Judge Leonard T. Strand pursuant to 28 U.S.C. § 636(b)(1)(B). On November 4, 2015, Judge Strand filed a Report And Recommendation (docket no. 30) that the defendants' Motion For Summary Judgment be granted, that this case be dismissed with prejudice, and that judgment be entered accordingly.

This case is now before me on Doss's November 18, 2015, Objections To Magistrate Judge's Report And Recommendation (docket no. 31). Doss objects to the following conclusions by Judge Strand: (1) that Doss did not show that the defendants were "deliberately indifferent" to his serious medical needs; (2) that Doss's sole complaint of "deliberate indifference" was that he was not seen by medical staff as quickly or as often as he desired; and (3) that Doss failed to show that he was retaliated against for engaging in protected activity. Thus, Doss argues that I should deny the defendants' Motion For Summary Judgment. On November 30, 2015, the defendants filed a Response To Objections To Report And Recommendation (docket no. 32), asserting that Doss's Objections should be overruled and that their Motion For Summary

---

[1] Doss was represented by court-appointed counsel in these proceedings.

Judgment should be granted, because Judge Strand properly decided the challenged issues.

## II. LEGAL ANALYSIS
### A. *Standard Of Review*

The applicable statute expressly provides for *de novo* review by a district judge of a magistrate judge's report and recommendation *when objections are made*, as follows:

> *A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.* A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006) (emphasis added); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). Thus, "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). In other words, the specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation. In most cases, to trigger *de novo* review, "objections must be timely and specific." *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).[2] The statutory

---

[2] The Eighth Circuit Court of Appeals has been willing to "liberally construe[]" otherwise general *pro se* objections to require a *de novo* review of all "alleged errors," *see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995), and has also been willing to conclude that general objections require "full de novo review" if the record is concise, *Belk*, 15 F.3d at 815 ("Therefore, even had petitioner's objections lacked specificity, a de novo review would still have been appropriate given such a concise record."). Here,

standard does not preclude *de novo* review by the district court in other circumstances, however. Rather, "while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a de novo or any other standard." *Id.*³

When objections have been made, and the magistrate judge's report is based upon an evidentiary hearing, "'the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing.'" *United States v. Azure*, 539 F.3d 904, 910 (8th Cir. 2008) (quoting *Jones v. Pillow*, 47 F.3d 251, 252 (8th Cir. 1995), in turn quoting *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)). Judge Strand did not

---

Doss is represented by counsel, so the first basis for liberal construction does not apply. Although counsel framed Doss's objections quite generally, I conclude that the question is whether counsel has identified with sufficient specificity the bases for those objections for me to determine whether those objections have any merit. This framing of the question is also consistent with the obligations of a non-movant to cite portions of the record that demonstrate that there are genuine issues of material fact in order to preclude summary judgment. *See generally, infra*.

³ *In the absence of an objection*, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150; *see also Peretz v. United States*, 501 U.S. 923, 939 (1991) (stating that § 636(b)(1) "provide[s] for de novo review only when a party objected to the magistrate's findings or recommendations" (emphasis added)); *United States v. Ewing*, 632 F.3d 412, 415 (8th Cir. 2011) ("By failing to file objections, Ewing waived his right to de novo review [of a magistrate judge's report and recommendation on a suppression motion] by the district court."). The Eighth Circuit Court of Appeals has indicated, however, that a district court should review the portions of a magistrate judge's report and recommendation to which no objections have been made under a "clearly erroneous" standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that, when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting that the Advisory Committee's Note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record").

4

hold an evidentiary hearing on the defendants' Motion For Summary Judgment or hear oral arguments on the merits of the Motion. Rather, he considered only the parties' written submissions, and I have done the same.

### B. *Standards For Summary Judgment*

In this case, where I am reviewing objections to a report and recommendation on a motion for summary judgment, the standards against which I must consider objections include the standards for summary judgment. Summary judgment is only appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact *and* that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c) (emphasis added); *see Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) ("Summary judgment is appropriate if viewing the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."); *see generally Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, "[t]he movant 'bears the initial responsibility of informing the district court of the basis for its motion,' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (*en banc*) (quoting *Celotex*, 477 U.S. at 323). In response, "[t]he nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).

When the parties have met their burden, the district judge's task is as follows:

> "On a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.'" *Ricci v.*

> *DeStefano*, --- U.S. ----, 129 S. Ct. 2658, 2677, 174 L. Ed. 2d 490 (2009) quoting *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal quotations omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). . . . . "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *Ricci*, 129 S. Ct. at 2677, quoting *Matsushita*, 475 U.S. at 587, 106 S. Ct. 1348.

*Torgerson*, 643 F.3d at 1042-43. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ryan v. Capital Contractors, Inc.*, 679 F.3d 772, 776 (8th Cir. 2012). Also, summary judgment is particularly appropriate when only questions of law are involved, rather than factual issues that may or may not be subject to genuine dispute. *See, e.g., Cremona v. R.S. Bacon Veneer Co.*, 433 F.3d 617, 620 (8th Cir. 2006).

I will review Judge Strand's Report And Recommendation with these standards in mind.

### C. *Doss's Deliberate Indifference Claim*
#### 1. *Applicable standards*

The Eighth Circuit Court of Appeals recently concisely stated the "governing law" for Doss's "deliberate indifference" claim, *see Anderson*, 477 U.S. at 248 (explaining that only genuine issues of material fact "under the governing law" will prevent summary judgment), as follows:

6

> "A prima facie case alleging … deliberate indifference requires the inmate-plaintiff to demonstrate that [s]he suffered from an objectively serious medical need and that prison officials actually knew of, but deliberately disregarded, that need." *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1118 (8th Cir.2007) (citing *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)). . . . [An inmate's] disagreement with [prison medical staffs'] diagnoses and treatment decisions is not actionable under § 1983. *See Dulany*, 132 F.3d at 1239 (holding that prison doctors remain free to exercise independent medical judgment and that inmates have no constitutional right to their requested course of treatment). . . .

*Reid v. Griffin*, ___ F.3d ___, ___, 2015 WL 9239134, *1 (8th Cir. Dec. 17, 2015); *accord Fourte v. Faulkner Cty., Ark.*, 746 F.3d 384, 387 (8th Cir. 2014) (explaining that establishing deliberate indifference requires a showing that the defendants knew of, but deliberately disregarded, an objectively serious medical need; even gross negligence does not establish deliberate indifference); *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) (explaining that an inmate's mere difference of opinion over matters of expert medical judgment or the course of medical treatment do not amount to a constitutional violation); *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 499 (8th Cir.2008) (explaining that deliberate indifference is akin to criminal recklessness). Upon *de novo* review, *see* 28 U.S.C. § 636(b)(1) (2006); *Thomas*, 474 U.S. at 154, even in light of Doss's objections, I agree with Judge Strand that Doss has not met these requirements as a matter of law.

### 2. *The objection to the deliberate indifference conclusion*

Doss's first objection is that Judge Strand erred in concluding that he did not show that the defendants were deliberately indifferent to his serious medical needs. Doss provides somewhat more specificity to this objection by pointing out that, while the defendants' Motion For Summary Judgment was pending, he was released from

incarceration and transferred to a home in Council Bluffs, Iowa. He explains that, while there, he was able to see a specialist in hand injury treatment who determined that he needed surgery on his hand as soon as possible. Specifically, the specialist found that x-rays he had ordered showed a "chronic 5th metacarpal fracture" that had healed, but was causing pain, a "small finger PIP joint volar plate rupture causing subluxation of the joint and pain," and "carpal tunnel syndrome," all on the right hand that is the focus of Doss's "deliberate indifference" claim. *See* Plaintiff's Objections, Exhibit A (docket no. 31-1), 1. Doss argues that the new examination and records from the specialist support his claim that the defendants did not provide adequate care to his injuries and that his injuries were, in fact, exacerbated by their lack of care. Doss contends that the treatment that he received from the defendants, including x-rays, ice, Ibuprofen, and a splint, over the course of numerous meetings, on which Judge Strand focused, do nothing to demonstrate that his care was adequate. Doss also argues that Judge Strand gave excessive weight to the fact that he was seen multiple times by IDOC medical staff, because many of the notes show that he was not actually seen by medical staff and that some of the visits were actually for his back and shoulder, not his hand. Doss contends that medical staff often simply responded to kites and requests for care without doing any further examinations.

Strangely, Doss made no attempt to present the additional medical records from the specialist in response to the defendants' Motion For Summary Judgment, even though he acknowledges, and the records in question show, that those records were developed while the defendants' Motion was pending. Although I clearly have the power to "receive further evidence or recommit the matter to the magistrate judge with instructions," 28 U.S.C. § 636(b)(1) (2006), I would certainly not need to do so in the circumstances presented, here. Doss should have been under no illusions that he was required to submit all relevant evidence in support of his resistance to summary judgment before the court ruled and that, if necessary, he could have asked to supplement the record and his resistance to summary judgment with new evidence while the summary judgment motion

was pending. *See, e.g.,* FED. R. CIV. P. 56(a) and (d); N.D. IA. L.R. 56(b) and (h). Thus, Doss's submission of "new" evidence to support his "deliberate indifference" claim is untimely.

Yet, even if I consider Doss's "new" evidence, it does not generate any genuine issues of material fact on Doss's "deliberate indifference" claim. Such "new" evidence does nothing to demonstrate that "'prison officials actually knew of, but deliberately disregarded,'" his need for more extensive treatment of his hand injury. *See Reid*, ___ F.3d at ___, 2015 WL 9239134 at *1. As in *Reid*, prison medical staff had made numerous evaluations of Doss's hand and other injuries, including taking x-rays, but before Doss's specialist diagnosed the problems that the specialist has now found, no medical professional had suggested that more extensive examination or treatment was required. *Id*. Doss's "disagreement with [the prison medical staff's] diagnoses and treatment decisions is not actionable under § 1983," *id*., particularly where there is no showing of a gross deviation from professional standards in the care that was provided, in light of what was known to the defendants. *See Allard v. Baldwin*, 779 F.3d 768, 772 (8th Cir. 2015); *see also Fourte*, 746 F.3d at 387 (explaining that establishing deliberate indifference requires a showing that the defendants knew of, but deliberately disregarded, an objectively serious medical need; even gross negligence does not establish deliberate indifference). Doss's first objection is overruled.

### 3. *The objection to the characterization of the claim*

Doss's second objection is that Judge Strand erred in concluding that his sole complaint of "deliberate indifference" was that he was not seen by medical staff as quickly or as often as he desired. The pertinent part of Judge Strand's Report And Recommendation, cited by Doss, states the following:

> Here, Doss was seen just days after his initial complaint concerning his hand, had the hand rechecked on four occasions over the course of a week, was referred to the nurse practitioner and ultimately had a negative x-ray. The delay

9

> between his initial injury and first seeing a nurse was minor
> and the delay between the injury and an x-ray did not rise to
> the level of deliberate indifference. Additionally Doss makes
> no claim that the delay affected his prognosis or escalated the
> situation. Rather, Doss' sole complaint seems to be that he
> was not seen as quickly or as often as he desired.

Report And Recommendation at 9. Judge Strand went on to recount further injuries to Doss's hand and further treatment, then observed,

> Moreover, again, Doss has presented no evidence that the
> failure to order an x-ray after this injury affected his prognosis
> or enhanced his injury. Rather, Doss' sole complaint seems
> to be that he was not seen as quickly or as often as he desired.

Report And Recommendation at 9.

Doss argues that he has marshaled sufficient evidence to support a "deliberate indifference" claim, not just disagreement with the timing and frequency of treatment. He argues that he has pointed to evidence that he requested medical care for his hand numerous times, but he was not treated "accordingly," where he did not receive appropriate treatment and, at times, was not even seen by a medical staff member in response to his complaints. He contends that the fact that the defendants did not completely "ignore" his medical needs does not mean that the defendants were not "deliberately indifferent."

I am not persuaded that, on the record before him, Judge Strand erroneously characterized Doss's factual contentions when he observed that Doss's complaint seemed to be that he was not seen as quickly or as often as he desired. Again, it is only now, in support of his Objections, that Doss has even attempted to show that the medical treatment that the defendants provided was somehow inadequate, as opposed to less speedy, less frequent, or less effective than Doss desired.

Moreover, upon *de novo* review, *see* 28 U.S.C. § 636(b)(1) (2006); *Thomas*, 474 U.S. at 154, I conclude that the crux of Doss's claim is that he did not get the treatment

that he thinks he should have. Again, Doss *still* has not pointed to any evidence that before Doss's specialist diagnosed the problems that the specialist has now found, any medical professional had suggested that more extensive examination or treatment was required. *See Reid*, ___ F.3d at ___, 2015 WL 9239134 at *1. Doss *still* has not pointed to any evidence showing a gross deviation from professional standards in the care that was provided, in light of what was known to the defendants. *See Allard*, 779 F.3d at 772; *see also Fourte*, 746 F.3d at 387 (explaining that establishing deliberate indifference requires a showing that the defendants knew of, but deliberately disregarded, an objectively serious medical need; even gross negligence does not establish deliberate indifference). Doss's "disagreement with [prison medical staffs'] diagnoses and treatment decisions is not actionable under § 1983." *Reid*, ___ F.3d at ___, 2015 WL 9239134 at *1. Doss's second objection is overruled.

### D. *Doss's Retaliation Claim*
#### 1. *Applicable standards*

Doss's remaining claim is that he was retaliated against for engaging in protected activity. As the Eight Circuit Court of Appeals has explained,

> In order to demonstrate retaliation in violation of the First Amendment under 42 U.S.C. § 1983, [an inmate] must "show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir.2004) (citing *Naucke v. City of Park Hills*, 284 F.3d 923, 927–28 (8th Cir.2002)).

*Spencer v. Jackson Cty., Mo.*, 738 F.3d 907, 911 (8th Cir. 2013). Where, as here, the inmate alleges that the retaliation, at least in part, took the form of prison discipline for rules violations, the defendants may successfully defend by showing that there was "some

11

evidence" that the inmate actually committed a rule violation warranting discipline. *See Sanders v. Hobbs*, 773 F.3d 186, 190 (8th Cir. 2014); *but see Spencer*, 738 F.3d at 911 (where the retaliation alleged is not retaliatory prison discipline, the "some evidence" standard does not apply). Similarly, where, as here, an inmate alleges that the retaliation, at least in part, took the form of a retaliatory transfer to another facility, the inmate must show that "but for" impermissible retaliation, he would not have been transferred. *See Goff v. Burton*, 7 F.3d 734, 737-38 (8th Cir. 1993).

### 2. *The objection to the causation determination*

Doss's objection to Judge Strand's recommendation concerning this claim is that Judge Strand erred in concluding that he had failed to show that he was retaliated against for engaging in protected activity. Doss argues that Judge Strand concluded that he was disciplined and transferred for recent disciplinary violations. In his Objections, Doss does not dispute his history of prison rules violations or that there was at least "some evidence" supporting each of the determinations of rules violations. *See Sanders*, 773 F.3d at 190. What he does argue is that the records show that the processing of his transfer was completed on a Sunday, but the staff required to complete this paperwork ordinarily was not present over the weekends, so that there must be some error in the records. He contends that this disputed fact precludes summary judgment on his "retaliation" claim. I disagree.

To preclude summary judgment, Doss must point to "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Here, Doss must show that, "but for" impermissible retaliation, he would not have been transferred. *See Goff*, 7 F.3d at 737-38. When his transfer paperwork was signed does not even remotely suggest impermissible retaliation, where Doss does not dispute the evidence identified by Judge Strand in his Report And Recommendation as showing that the transfer was based on Doss's disciplinary problems.

Specifically, Judge Strand observed,

> On February 15, 2015, FDCF staff prepared an offender transfer request, recommending that Doss be sent to the Anamosa State Penitentiary (ASP) due to his ongoing behavior. The request noted that since arriving at FDCF, "Doss has received four major reports and is currently awaiting a decision on his fifth." The document also referenced Doss' history of inappropriate behavior toward female staff and noted that the pending report was based on alleged threats to a female staff member. The transfer request was approved by the Iowa Department of Corrections on February 19, 2015.

Report And Recommendation at 4. Judge Strand also observed,

> Other than mere timing, Doss has offered no evidence that would allow a finding that the defendants acted with a retaliatory motive. It is undisputed that Doss was charged with, and ultimately found guilty of, multiple violations while incarcerated at FDCF. While Doss denies some or all of the charged conduct, he was determined to be guilty by administrative law judges, not by any of the defendants. *See* Doc. No. 21-3 at 49-50, 54, 57-58, 60-62. The offenses included sexual misconduct, obstructive/disruptive conduct, verbal abuse, and disobeying orders and directions. *See, e.g., id.* at 48-50, 53-54. In addition to these fully-adjudicated violations, Doss was placed in segregation again on February 4, 2015, based on allegations that he (1) attempted to get personal information about staff members, (2) became disruptive with FDCF staff and (3) ran from an FDCF officer. *Id.* at 65. FDCF initiated its transfer request after the February 4 incident.
>
> Clearly, the defendants had more than "some evidence" that Doss actually committed rule violations. He had been found guilty of multiple violations in four separate proceedings and a fifth proceeding was about to commence. In contrast to these undisputed facts, *Doss points to no evidence suggesting that any of the defendants were motivated*

*by this lawsuit, rather than by his habitual pattern of misconduct*.

Report And Recommendation at 12 (emphasis added). Upon *de novo* review, *see* 28 U.S.C. § 636(b)(1) (2006); *Thomas*, 474 U.S. at 154, I agree wholeheartedly with Judge Strand's analysis. Doss's failure to point to any evidence that, "but for" retaliatory animus, he would not have been transferred, is fatal to Doss's last objection and to his "retaliation" claim. *See Goff*, 7 F.3d at 737-38. Consequently, Doss's last objection is also overruled.

### III. CONCLUSION

Upon the foregoing:

1. Doss's November 18, 2015, Objections To Magistrate Judge's Report And Recommendation (docket no. 31) are **overruled**, in their entirety;

2. Judge Strand's November 4, 2015, Report And Recommendation (docket no. 30) is **accepted**, without modification;

3. The defendants' June 16, 2015, Motion For Summary Judgment (docket no. 21) is **granted**, as to all claims in Doss's December 30, 2014, *Pro Se* Complaint (docket no. 1) and March 16, 2015, Amended Complaint (docket no. 12); and

4. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED** this 13th day of January, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA